IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KAREEM YOUNG, #222970, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:13cv421-CSC |
| ) | (WO) |
| CHRISTOPHER GORDY, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION and ORDER**

This case is before the court on a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by state inmate Kareem Young ("Young") on June 14, 2013.[1] (Doc. # 1).[2] Young contends that he is being denied placement in work release because of five (5) prior disciplinary actions for indecent exposure. He further alleges that he was denied due process in those disciplinary proceedings, and he seeks to have the disciplinaries expunged from his record so that he can participate in work release programs. Pursuant to 28 U.S.C. § 636(c)(1) and M.D. ALA. LR 73.1, the parties have consented to a United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final

---

[1] The law is well settled that, under the "mailbox rule," a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). The petition in this case was signed on June 14, 2013. (Doc. # 1 at 2). Consequently, the court deems June 14, 2013, as the date of filing.

[2] References to document numbers ("*Doc. #.*") are to those assigned by the Clerk in the instant civil action. Page references to pleadings are to those assigned by CM/ECF. References to exhibits and attachments are denoted by number following the docket entry number.

judgment. For the reasons set forth below, the court concludes that Young's petition is due to be denied.

## I. BACKGROUND

Young filed this petition when he was incarcerated at the Ventress Correctional Facility in Clayton, Alabama.[3] On March 15, 2004, while incarcerated at the Bullock County Correctional Facility, a disciplinary action was initiated against Young for violating Rule # 38, indecent exposure/exhibitionism. (Doc. # 14-2). A disciplinary hearing was conducted on March 18, 2004, and the hearing officer found Young guilty of the charged infraction. The sanctions imposed on Young for violating Rule # 38 were placement in disciplinary segregation, loss of privileges, and extra duties for 45 days, and loss of three (3) months of good time credit. (*Id*.).

On May 2, 2005, another disciplinary action was initiated against Young for violating Rule # 38. (Doc. # 14-3). A disciplinary hearing was conducted on May 5, 2005, and the hearing officer found Young guilty of the charged infraction. The sanctions imposed on Young for this violation were placement in disciplinary segregation, and loss of store and phone privileges for 45 days. Young did not lose any good time credit as a result of this guilty disciplinary finding. (*Id*.).

On October 14, 2005, at the Kilby Correctional Facility, Young was again charged with violating Rule # 38. (Doc. # 14-4). A disciplinary hearing was held on October 27,

---

[3] Young is presently incarcerated at the Elmore Correctional Facility in Elmore, Alabama.

2005, and the hearing officer found Young guilty of the charged infraction. The sanctions imposed on Young for this violation were placement in disciplinary segregation, and loss of store and phone privileges for 30 days. Young did not lose any good time credit as a result of this guilty disciplinary finding. (*Id*.).

On February 14, 2006, at the Ventress Correctional Facility, Young was once more charged with violating Rule # 38. (Doc. # 14-5). A disciplinary hearing was held on February 20, 2006, and the hearing officer found Young guilty of the charged infraction. The sanctions imposed this time on Young were placement in disciplinary segregation, and loss of store, phone and visitation privileges for 45 days. Young did not lose any good time credit as a result of this guilty disciplinary finding. (*Id*.).

Finally, on July 16, 2010, at the Bullock Correctional Facility, Young was again charged with violating Rule # 38. (Doc. # 14-6). A disciplinary hearing was held on July 18, 2010, and the hearing officer found Young guilty of the charged infraction. The sanctions imposed on Young were placement in disciplinary segregation for 45 days, extra duty for 30 days, and loss of store, phone and visitation privileges for 90 days. Young did not lose any good time credit as a result of this guilty disciplinary finding. (*Id*.).

Young challenged all five disciplinaries by filing a petition for a writ of habeas corpus in the Circuit Court of Montgomery County, Alabama, in June 2013. (Doc. # 19). That court dismissed Young's petition as time-barred. Young did not appeal.

## II.   DISCUSSION

### A.   Disciplinaries that did not involve loss of good time credit.

In all five disciplinary proceedings, Young contends that he was denied due process. However, Young did not lose any good-time credit as the result of the May 2005, November 2005, February 2006 or July 2010 disciplinary proceedings. Consequently, claims related to these disciplinary proceedings are not cognizable in a federal habeas action. The central purpose of the writ of habeas corpus, whether under 28 U.S.C. § 2254 or 28 U.S.C. § 2241, is to provide a remedy to prisoners who are challenging the "fact or duration" of their physical confinement and are seeking immediate release or an earlier release. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "[T]he common-law history of the writ, . . . the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Id*. The only relief that can be gained in a habeas action is an immediate or speedier release from custody. *Id*.

In these disciplinaries, Young is not challenging the fact or duration of his confinement. He is not attacking the state court judgment pursuant to which he is in custody. *See* 28 U.S.C. § 2254(a). And he did not lose any good time credit as a result of these four guilty disciplinary findings. Therefore, the court concludes that, with respect to the 2005, 2006 and 2010 disciplinary proceedings, Young's allegations are not consistent with a petition for a writ of habeas corpus. *See Muhammed v. Close*, 540 U.S. 749 (2004)

(the favorable-termination requirement of *Heck v. Humphrey*, 512 U.S. 477 (1994) does not apply categorically to all suits challenging disciplinary actions).

Although Young's allegations are typically presented in an action under 42 U.S.C. § 1983,[4] this court is not inclined to construe his petition as a civil rights complaint through which he could challenge the conditions of his confinement in connection with these four disciplinary proceedings. The required filing fee for a civil rights case is $350.00. Moreover, and more importantly, any attempt by Young to proceed, or refile his suit, under § 1983 would be frivolous. None of Young's placements in disciplinary segregation or his losses of privileges implicate the protections of the Due Process Clause.

In *Sandin v. Connor*, 515 U.S. 472, 484 (1995), the Supreme Court recognized only two instances in which a prisoner may claim a constitutionally protected liberty interest[5] which implicates constitutional due process concerns: (1) when actions of prison officials have the effect of altering the inmate's term of imprisonment, and (2) where a prison restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary

---

[4] The Eleventh Circuit has recognized that "there exists an '"ambiguous borderland" between habeas corpus and section 1983,' *McKinnis v. Mosely*, 693 F.2d 1054, 1056 (11th Cir. 1982) (per curiam), quoting M. Bator, D. Shapiro, H. Wechsler, *Hart and Wechsler's The Federal Courts and Federal System* 415 (1981 Supp.), the boundaries of which are not always readily apparent." *Prather v. Norman*, 901 F.2d 915, 920 n.8 (11th Cir. 1990).

[5] When a constitutionally protected liberty interest is implicated, the inmate is entitled to: (1) written notice of the charges brought against him at least twenty-four hours before the hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement of the factfinder as to the evidence relied upon and the reasons for the disciplinary action taken. *Wolff v. McDonnell*, 418 U.S. 539, 564–66 (1974). The factfinder's decision need only be supported by "some evidence." *Superintendent, Mass. Correctional Inst. v. Hill*, 474 U.S. 445, 455–56 (1985).

incidents of prison life." *Sandin*, 515 U.S. at 483-84. The Court in *Sandin* specifically rejected the contention that any action taken by correctional officials as a punitive measure necessarily encroaches upon a liberty interest protected under the Due Process Clause. *Id*. at 484. "Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law." *Id*. at 485. Placement in a more restrictive dorm, the loss of privileges and referral for classification review "though concededly punitive, do[ ] not represent a dramatic departure from the basic conditions" of the sentence imposed upon the petitioner. *Id*.

Young has made no showing that the conditions of disciplinary segregation were materially different from the conditions imposed on inmates in other types of purely discretionary segregation. Nor has he demonstrated that the conditions on disciplinary segregation, compared with conditions in the general population, created "a major disruption" in his environment or that the length of his sentence was affected. *See Sandin*, 515 U.S. at 486-87 (in determining that plaintiff possessed no liberty interest in avoiding disciplinary segregation, the Court in *Sandin* relied on three factors: (1) disciplinary segregation was essentially the same as discretionary forms of segregation; (2) a comparison between the plaintiff's confinement and conditions in the general population showed that the plaintiff suffered no "major disruption in his environment"; and (3) the length of the plaintiff's sentence was not affected.). *See Rogers v. Singletary*, 142 F.3d 1252 (11th Cir. 1998) (finding that inmate failed to show deprivation of a protected liberty interest where

the inmate was in segregated confinement for two months); *Sealy v. Giltner*, 197 F.3d 578 (2nd Cir. 1999) (stating that 101-day disciplinary confinement did not meet the *Sandin* standard of atypicality).

Furthermore, Young's loss of privileges is neither "atypical" nor a "significant hardship" under the *Sandin* analysis. The restriction of privileges is not a dramatic departure from the ordinary conditions of confinement, nor is it a major disruption in a prisoner's environment. *Sandin*, 515 U.S. at 485. *See also Overton v. Bazzetta*, 539 U.S. 126, 136–37 (2003) (providing that temporary withdrawal of visitation privileges for disciplinary purposes was "not a dramatic departure from accepted standards for conditions of confinement"); *Moore v. Pemberton*, 110 F.3d 22, 23 (7th Cir. 1997) (prisoner did not suffer a liberty loss when he received as disciplinary punishment a verbal reprimand, two-week loss of commissary privileges, and a suspended, 15-day disciplinary segregation sentence). Therefore, Young did not suffer a deprivation of a liberty interest when his privileges were restricted.[6]

In light of the foregoing, it is clear that the sanctions levied against Young failed to "impose[ ] atypical and significant hardship on the inmate in relation to the ordinary

---

[6] Alabama courts have determined that a prisoner does not have a liberty interest in store privileges, *Zamudio v. State*, 615 So.2d 156, 157 (Ala.Crim.App. 1993); *Summerford v. State*, 466 So.2d 182, 185 (Ala.Crim.App. 1985), in telephone privileges, *Zamudio*, 615 F.2d at 157, and in not being assigned extra work duty, *id*.; *Summerford*, 466 So.2d at 185. Since the decision in *Sandin*, one Alabama court has held that a prisoner was not deprived of a liberty interest by a disciplinary sentence consisting of 32 days in segregation and the loss of store, telephone, and visitation privileges. *Dumas v. State*, 675 So.2d 87, 88 (Ala.Crim.App. 1995).

incidents of prison life." *Sandin*. 515 U.S. at 484.  Young's placements in disciplinary segregation and his losses of privileges were not sufficient to trigger constitutional due process protection. Thus, with respect to the 2005, 2006 and 2010 disciplinary proceedings, Young's claims do not rise to the level of a constitutional violation as a matter of law.[7]

### B.     2004 disciplinary that resulted in loss of good-time credit

As a result of the 2004 disciplinary proceeding, Young lost three months of good-time credit.  Consequently, any decision favorable to Young with respect to the 2004 disciplinary proceeding would affect the duration of his confinement.  Thus, because Young's challenge to that disciplinary proceeding would result in a shortened sentence, he may seek habeas corpus relief regarding that disciplinary only. *See Preiser*, 411 U.S. at 500. *See also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997).  Thus, with respect to the 2004 disciplinary proceeding only, Young's claims are properly characterized as claims arising in habeas corpus and habeas corpus is therefore the exclusive remedy. *Preiser*, 411 U.S. at 500; *Balisok*, 520 U.S. at 648; *Robinson v. Satz*, 260 F. App'x. 209, 212 (11th Cir. 2007) (claims that would necessarily imply the invalidity of the punishment not cognizable in a § 1983 action); *Roberts v. Wilson*, 259 F. App'x. 226, 229 (11th Cir. 2007) (same).

Young filed this 28 U.S.C. § 2254 petition for habeas relief on June 14, 2013.  The respondents filed a supplemental answer in which they argue that Young's habeas petition

---

[7] In order to state a claim under § 1983, there must be a violation of the Constitution. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327, 330–31 (1986).

is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions.[8]  *See* 28 U.S.C. § 2244(d)(1).[9]  Young challenges his 2004 disciplinary proceeding that became final in April 2006.  He did not seek review of this disciplinary proceeding in state court until June 28, 2013 when he filed a state petition for writ of habeas corpus.

Young was found guilty of the disciplinary infraction on March 27, 2004.  His loss of three months of good time credit was imposed on April 6, 2004.  Thus, the one-year limitation period contained in section 2244(d)(1)(A) began to run on April 7, 2004, and ran without interruption until its expiration on April 7, 2005.  Under the circumstances, the one-year period of limitation for Young to seek federal habeas relief ended on April 7, 2005.

Although Young filed a petition for habeas corpus relief in the state court in June 2013, challenging the disciplinary proceedings, that filing did not toll the federal limitation period, which had already expired before Young filed the state petition.  *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001).  Thus, it is clear that the one-year period of limitation established in 28 U.S.C. § 2244(d)(1) expired over eight (8) years before Young filed the instant petition.

On September 27, 2013, the court ordered Young to show cause why his petition should not be dismissed pursuant to 28 U.S.C. § 2244(d) for his failure to file within the

---

[8] The respondents also contend that Young has failed to exhaust his state court remedies and that his claims are procedurally defaulted.  Because the court concludes that Young's petition is untimely and that this untimeliness is not excused by equitable tolling or a showing of actual innocence, discussion of exhaustion or default is unnecessary.

[9] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") which became effective on April 24, 1996.

applicable one-year limitation period. *See* Doc. # 20.  After being given ample opportunity to show cause why the petition should not be dismissed for failure to file within the one-year limitation period, Young has filed nothing in response to the court's order.  Thus, the court finds that the one-year limitation period of 28 U.S.C. § 2244(d)(1) expired on April 7, 2005, more than eight (8) years before Young filed his federal habeas petition.  Because Young did not file in this court until June 14, 2013, his petition is time-barred and this court may not address the merits.  The court further concludes that the petitioner has failed to show cause why his petition should not be dismissed.

### III.   CONCLUSION

Accordingly, it is

ORDERED and ADJUDGED that the petition for a writ of habeas corpus be and is hereby DENIED.

A separate final judgment will be entered.

DONE this 12th day of March, 2015.

        /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE